## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| ANGELA SMITH, | § § | |
| **Plaintiff,** | § § | |
| VS. | § § | CASE NO. 4:12-cv-00337 |
| REALPAGE, INC., | § § | |
| **Defendant.** | § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, **ANGELA SMITH,** respectfully presents this her Original Complaint against RealPage, Inc., Defendant, and would show the Court as follows:

### I.
### PARTIES

1. Plaintiff Angela Smith is an individual who resides in DeSoto, Dallas County, Texas.

2. Defendant RealPage, Inc. is a Delaware corporation which may be served with summons and complaint through its President, Dirk D. Wakeham, at RealPage, Inc., 4000 International Parkway, Carrollton, Texas 75007.

### II.
### NATURE OF ACTION, VENUE, AND JURISDICTION

3. This is an action for actual, compensatory, liquidated and punitive damages and other legal and equitable relief to secure the rights and redress the injuries of the Plaintiff under the laws of the United States of America and State of Texas based on the actions of Defendant in

committing the unlawful acts of discrimination, interference and retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*; disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the ADA Amendments of 2008 and § 21.051 of the Texas Labor Code; and race discrimination in violation of the Civil Rights Act, 42 U.S.C. § 1981 as well as Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* and § 21.051 of the Texas Labor Code.

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331, and venue is proper under 28 U.S.C. § 1391 as the unlawful acts complained of occurred in whole or in part in Carrollton, Denton County, Texas, the location of Plaintiff's last employment with Defendant. Plaintiff has satisfied certain conditions precedent to filing this suit by timely filing a Charge of Discrimination, a true and correct copy of which (less redacted date of birth) is attached hereto as Exhibit "A" and incorporated herein for all purposes. Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission ("EEOC") dated May 25, 2012 and timely files her civil action herewith.

III.
FACTS

5. Plaintiff Angela Smith, an African-American, was employed as a Solution Consultant with Defendant RealPage, Inc. in Carrollton, Texas from April 4, 2011 to May 3, 2012.  Ms. Smith, an African-American who suffers from the disability of chronic migraine headaches, was unlawfully terminated from her employment by Defendant on May 3, 2012 after requesting a reasonable accommodation and intermittent FMLA leave to treat her serious health condition of chronic migraine headaches when other similarly situated Caucasian non-disabled and/or non-FMLA requesting employees were not terminated for missing work due to illness or other reasons.  At the time of her termination on May 3, 2012 Ms. Smith had applied for and was

eligible for FMLA leave and had plenty of accumulated sick leave to take off work for illness. At the time of her termination on May 3, 2012 Ms. Smith had about 40 hours accumulated sick time and about 40 hours accrued vacation time. Ms. Smith had received a "Meets Expectations" performance review in March 2012 and two awards in January 2012 prior to her request for FMLA leave in April 2012 to treat her migraine headaches, and Defendant cannot effectively argue performance as a legitimate nondiscriminatory reason for Ms. Smith's termination.

6. In April 2012 Ms. Smith, the only African-American Solution Consultant in her group, requested a reasonable accommodation and FMLA leave and certification paperwork for her neurologist to take time off to treat her serious health condition of chronic migraine headaches but Defendant failed to properly respond or comply with Plaintiff's request for accommodation or the FMLA. See attached Exhibit "B," true and correct copy of acknowledgement of request for leave eligibility notice which is incorporated by reference herein and Exhibit "C," true and correct copies of communications Ms. Smith had with Patty Parello, Defendant's Human Resources representative. Ms. Smith's migraine headaches substantially limited her in one or more major life activities, and she had a record of such impairment, and Defendant regarded her as having such impairment. See attached Exhibit "D," true and correct copies of Ms. Smith's e-mails dated April 30, 2012 with her supervisor Marcy Helms (Caucasian), Defendant's Consulting Manager, and communicating to Ms. Helms that Ms. Smith was ill with migraine headaches and would be out sick on Monday, April 30, 2012. Ms. Smith had already submitted her FMLA Certification of Health Care Provider on April 19, 2012. See attached Exhibit "E," true and correct copy of completed FMLA Certification of Health Care Provider for Employee's Serious Health Condition incorporated by reference herein. Ms. Smith's FMLA rights were the subject of unlawful interference by Defendant, and she was also

denied the opportunity to work from home when many similarly situated Caucasian non-disabled and non-FMLA requesting employees were allowed to work from home under company telecommuting and flex schedule policies and practices. Ms. Smith's new Caucasian supervisor humiliated Ms. Smith by proudly admitted to Ms. Smith that her grandmother is a racist.

7. Ms. Smith missed work on April 30, 2012 with migraine headaches and timely communicated her absence to Defendant. When Defendant terminated Ms. Smith's employment on May 3, 2012 she asked why and was told it was in the best interest of the company to terminate her employment at that time. Ms. Smith asked if it was because she was out of the office with migraines on Monday, April 30, 2012 but no one responded on behalf of Defendant. Ms. Smith reminded Defendant's representatives at the termination meeting that when she experienced migraines she was unable to come into the office and had reported same to her supervisor. Ms. Smith reminded Defendant's representatives that she was on FMLA and that Patty Parello in Human Resources was also well aware of her FMLA status but Ms. Smith was told by Michael Young, Human Resources that her FMLA status did not matter and that she was being terminated for performance. However, Ms. Smith had never received any counselings or warnings regarding any performance issues or in accordance with company practice. Ms. Smith had been told by her supervisor Marcy Helms as recently as April 26, 2012 that she had been doing a great job, and Ms. Smith received several accolades from customers.

8. In March 2012 Ms. Smith had met with Patty Parello in Human Resources and inquired about FMLA and talked to her about unfair practices happening in her group, not being allowed to work from home and her migraine headaches. Ms. Parello stated that she had previously had an issue with migraines as well and she understood how devastating they can be. Ms. Parello stated she understood Ms. Smith's disability and issues and that while Ms. Smith

was on FMLA that her job would certainly be protected. She gave Ms. Smith information on applying for FMLA, and Ms. Smith and her physician completed and submitted her FMLA certification in early April 2012. Ms. Parello also told Ms. Smith to ask her manager about working from home but if she was told that she was not allowed to work from home to so abide and never work from home again. Subsequently, on March 30, 2012 Ms. Smith met with Defendant's managers Marcy Helms and Dale Smith and was told they needed Ms. Smith in the office at all times, she could not miss work, and she was not allowed to work from home for any reason despite company policy allowing for telecommuting and flexible schedules afforded to similarly situated non-African-American, non-disabled and non-FMLA exercising employees.

9. Defendant has unlawfully discriminated and retaliated against Plaintiff based on her exercise of her FMLA rights and unlawfully interfered with Plaintiff's statutory right to take an FMLA leave of absence and return to work and instead unlawfully discriminated and retaliated against her by not allowing her to take FMLA leave and terminating her employment in violation of the FMLA. Under the FMLA Ms. Smith was entitled to take up to 12 weeks of leave in a 12-month period to treat a serious health condition, the right to maintenance of health benefits while on leave, and the right to be restored to the same or equivalent position upon returning from leave. *See* 29 U.S.C. § 2614(a)(1)(A)-(B) & (3). It is and unlawful under the FMLA for an employer "to interfere with, restrain or deny the exercise of or the attempt to exercise, any right provided under this subchapter," and "to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(1) & (2). Ms. Smith upon return from any FMLA leave would have to be restored to the position of employment she held when the leave commenced or to an equivalent position with

equivalent employment benefits, pay and other terms and conditions of employment. 29 U.S.C. § 2614(a).

IV.
CAUSES OF ACTION

10. Plaintiff incorporates the foregoing and succeeding paragraphs by reference herein. Defendant is liable for the acts of its supervisors and employees and the damages suffered by Plaintiff under principles of respondent superior and agency, and by virtue of the acts and conduct of Defendant constituting unlawful acts of discrimination, interference and retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ section 2601 *et seq.*; disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the ADA Amendments of 2008 and §§ 21.051 and 21.055 of the Texas Labor Code; and race discrimination in violation of the Civil Rights Act, 42 U.S.C. § 1981 as well as Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* and § 21.051 of the Texas Labor Code.

11. Plaintiff incorporates the foregoing and succeeding paragraphs by reference herein. Ms. Smith suffers from chronic migraine headaches, a serious health condition qualifying, regarded or documented as a disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the ADA Amendments of 2008 and § 21.051 of the Texas Labor Code. Under the ADA, an employer must attempt to reasonably accommodate a known disability. 42 U.S.C. § 12112(b)(5)(A). Reasonable accommodation may include a leave of absence, job restructuring, part-time or modified work schedules, reassignment to a vacant position or other similar accommodations for individuals with disabilities. 42 U.S.C. § 12111(9). Defendant through its acts and omissions constituting a continuing violation under the ADA failed to accommodate Plaintiff's disability and her requests for reasonable accommodation but rather

discriminated against her based on her disability and requests for reasonable accommodation under the ADA and Texas Labor Code.

12. Plaintiff incorporates the foregoing paragraphs by reference herein. Plaintiff has suffered, is now suffering, and will continue to suffer mental and physical pain and anguish and lost income and benefits, and diminished earning capacity as a result of the Defendant's willful acts and practices, as set out herein, and is entitled to recover past and future damages, actual, liquidated and punitive, as provided by law, resulting from such acts. Plaintiff is also entitled to recover her reasonable attorney fees and taxable costs of court from Defendant.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that Defendant be summoned to appear and answer, and that upon trial of this suit, Plaintiff have and recover the following from Defendant:

1. Compensatory damages for the intentional, willful, malicious and/or recklessly indifferent discriminatory conduct of Defendant;

2. Damages for loss of past and future earnings and benefits;

3. Damages for physical injury, sickness, pain and suffering suffered and reasonably likely to occur in the future;

4. Damages for mental pain and anguish, and physical injuries caused by mental anguish, and past and future impairment of ability to enjoy life;

5. Damages for loss of reputation and job opportunities;

6. Out of pocket expenses;

7. Punitive, exemplary and/or liquidated damages in an amount to be determined by the trier of fact;

8. Costs of court, including costs for expert witnesses;

9. Reasonable attorneys' fees, as provided by law;

10. Prejudgment and postjudgment interest as provided by law; and

11. Such other and further relief to which Plaintiff may show herself to be justly entitled.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

*/s/ Dan A. Atkerson*
Dan A. Atkerson
Texas Bar No. 01400090

1025 Arches Park Drive
Allen, Texas 75013
Ph. (214) 383-3606
Fax (214) 383-3513
E-mail:  atklaw84@aol.com

ATTORNEY FOR PLAINTIFF
ANGELA SMITH